UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ALAN SCHWARTZ, ALBERT PENA, BILL MCGUIRE, CECIL COPELAND, DAMON TARVER, GEORGE HOLLAND, GRAY QUETTI, JASON POHUSKI, JC RIDLEY, JOHN GREEN, JOSH THOMPSON, RICHEY MILLER, ROMEO GUZMAN, SCOTT TERNA, LARRY CLOUSE, BEN HICKS, BRANDON PARRY, LOU NOVICK, ALAN ASHLEY, ARMANDO ARORIZO, ROBERT HUGHES, AL GOLUB, DINNO KOVIC, ANDREW PATRON, SCOTT KELBY, KC ALFRED, and STAN GODLEWSKI<br><br>       Plaintiffs,<br><br> - against -<br><br>GETTY IMAGES (US), INC.<br><br>       Defendant. | Docket No. 1:19-cv-2861<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiffs Alan Schwartz ("Schwartz"), Albert Pena ("Pena"), Bill McGuire

("McGuire"), Cecil Copeland ("Copeland"), Damon Tarver ("Tarver"), George Holland

("Holland"), Gray Quetti ("Quetti"), Jason Pohuski ("Pohuski"), JC Ridley ("Ridley"), John

Green ("Green"), Josh Thompson ("Thompson"), Richey Miller ("Miller"), Romeo Guzman

("Guzman"), Scott Terna ("Terna"), Larry Clouse ("Clouse"), Ben Hicks ("Hicks"), Brandon

Parry ("Parry"), Lou Novick ("Novick"), Alan Ashley ("Ashley"), Armando Arorizo

("Arorizo"), Robert Hughes ("Hughes"), Al Golub ("Golub"), Dinno Kovic ("Kovic"),

Andrew Patron ("Patron"), Scott Kelby ("Kelby"), KC Alfred ("Alfred"), and Stan

Godlewski ("Godlewski")(and all together "Plaintiffs") by and through their undersigned counsel, as and for their Complaint against Defendant Getty Images (US), Inc. ("Getty" or "Defendant") hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for direct copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act ("DMCA"). This action arises out of Defendant's unauthorized reproduction, sale, and public display and falsification, removal and/or alteration of copyright management information of copyrighted photographs. Accordingly, Plaintiffs seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.* and under the DMCA 17 U.S.C. § 1202.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.* and the DMCA 17 U.S.C. §1202 and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in New York and is registered with the New York Department of State Division of Corporations.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Schwartz is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 88 Colonnade Drive, Rochester, New York 14623.

6.      Pena is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 16715 Clearly Circle, Dallas, Texas 75248.

7.      McGuire is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 8408 Perimeter Loft Circle, Atlanta, Georgia 30346.

8.      Copeland is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 4619 South Landing Drive, Marietta, Georgia 30066.

9.      Tarver is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 4173 Mackin Woods Lane, San Jose, California 95135.

10.      Holland is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 26603 52nd Lane S, Kent, Washington 98032.

11.      Quetti is a professional sports photographer in business of licensing his photographs for a fee with a principal place of business at 12549 Pond Place Court, Jacksonville, Florida 32223.

12.      Pohuski is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 542 W. Maple Street, North Canton, Ohio 44720.

13.      Ridley is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 617 SW 147th Ave, Pembroke Pines,

Florida 33027.

14.     Green is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 35557 Trevino Trail, Beaumont, California 92223.

15.     Thompson is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 2932 S. Plainfield Place, Ontario, California 91761.

16.     Miller is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 389 Oxford Bend Road, Fayetteville, Arkansas 72703.

17.     Guzman is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 8462 Le Mesa Street, Orlando, Florida 32827.

18.     Terna is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 119 Stonyridge Drive, #207, Sandusky, Ohio 44870.

19.     Clouse is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 18409 Greg Pond Lane, Monument, Colorado 80132.

20.     Hicks is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 964 SW 12th Street, Boca Raton, Florida 33486.

21.     Parry is a professional sports photographer in the business of licensing his

photographs for a fee with a principal place of business at 17126 Enadia Way, Lake Balboa, California 91406.

22.    Novick is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 13 Juego Road, Santa Fe, New Mexico 87508.

23.    Ashley is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 507 Lane Street, Chelsea Michigan 48118.

24.    Arorizo is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 1125 Crenshaw Blvd., Los Angeles, California 90019.

25.    Hughes is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 807-A West Knox Street Ennis, Texas 75119.

26.    Golub is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 6221 Greeley Hill Road, Coulterville, California 95311.

27.    Kovic is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 3615 Divisadero Street, San Francisco, California 94123.

28.    Patron is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 7868 Glen Garry Lane, Delray Beach, Florida 33635.

29.     Kelby is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 118 Douglas Road East, Oldsmar, Florida 34677.

30.     Alfred is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 4555 Diane Way, San Diego, California 92117.

31.     Godlewski is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 44 Apple Tree Lane, North Haven, Connecticut 06473.

32.     Upon information and belief, Getty is a domestic business corporation duly organized and existing under the laws of the State of New York, with a place of business at 195 Broadway, New York, New York 10007.

33.     Upon information and belief, Getty is registered with the New York Department of State, Division of Corporations to transact business in the State of New York.

34.     At all times material hereto, Getty has owned and operated a website at the URL: www.GettyImages.com ("Getty Website").

## STATEMENT OF FACTS

### A.     Background of the Photographs

35.     Plaintiffs contributed their Photographs to Zuma Press, Inc. ("Zuma"), the world's first digital photographic agency, started in 1993 by and for photojournalists.

36.     Plaintiffs Photographs were available via Zuma Press' website www.ZumaPress.com ("Zuma Website").

37.     Plaintiffs are the copyright owners of the Photographs.

38.     The Zuma Website lists all the Photographs with a copyright notation that reads "© the copyright owner's name" /ZUMAPRESS.com. This copyright notation serves as copyright management information ("CMI") for the subjects of this litigation.

39.     It is standard knowledge in the photo agency business that when a photo is credited "© photographer's name/a photo agency's name" that the photographer owns the copyright to the photograph and the agency is a licensee of the photo. It is also standard knowledge in the photo agency business that this acts as copyright management information. Defendant's own website states "it's photographer's name/Getty Images".

40.     Schwartz owns the copyright to the photographs which are subjects to this litigation.

41.     The Zuma Website lists the Schwartz photos within the Sports Photographs with copyright management information that reads © Alan Schwartz/Cal Sport Media/ZUMAPRESS.com.

42.     Pena owns the copyright to the photographs which are subjects to this litigation.

43.     The Zuma Website lists the Pena photos within the Sports Photographs with copyright management information that reads © Albert Pena/Cal Sport Media/ZUMAPRESS.com.

44.     McGuire owns the copyright to the photographs which are subjects to this litigation.

45.     The Zuma Website lists the McGuire photos with copyright management information that reads © Bill McGuire/Cal Sport Media/ZUMAPRESS.com.

46.     Copeland owns the copyright to the photographs which are subjects to this

litigation.

47.     The Zuma Website lists the Copeland photos with copyright management information that reads © Cecil Copeland/Cal Sport Media/ZUMAPRESS.com.

48.     Tarver owns the copyright to the photographs which are subjects to this litigation.

49.     The Zuma Website lists the Tarver photos with copyright management information that reads © Damon Tarver/Cal Sport Media/ZUMAPRESS.com.

50.     Holland owns the copyright to the photographs which are subjects to this litigation.

51.     The Zuma Website lists the Holland photos with copyright management information that reads © George Holland/Cal Sport Media/ZUMAPRESS.com.

52.     Quetti owns the copyright to the photographs which are subjects to this litigation.

53.     The Zuma Website lists the Quetti photos with copyright management information that reads © Gray Quetti/Cal Sport Media/ZUMAPRESS.com.

54.     Pohuski owns the copyright to the photographs which are subjects to this litigation.

55.     The Zuma Website lists the Pohuski photos with copyright management information that reads © Jason Pohuski/Cal Sport Media/ZUMAPRESS.com.

56.     Ridley owns the copyright to the photographs which are subjects to this litigation.

57.     The Zuma Website lists the Ridley photos with copyright management information that reads © JC Ridley/Cal Sport Media/ZUMAPRESS.com.

58.      Green owns the copyright to the photographs which are subjects to this litigation.

59.      The Zuma Website lists the Green photos with copyright management information that reads © John Green/Cal Sport Media/ZUMAPRESS.com.

60.      Thompson owns the copyright to the photographs which are subjects to this litigation.

61.      The Zuma Website lists the Thompson photos with copyright management information that reads © Josh Thompson/Cal Sport Media/ZUMAPRESS.com.

62.      Miller owns the copyright to the photographs which are subjects to this litigation.

63.      The Zuma Website lists the Miller photos with copyright management information that reads © Josh Miller/Cal Sport Media/ZUMAPRESS.com.

64.      Guzman owns the copyright to the photographs which are subjects to this litigation.

65.      The Zuma Website lists the Guzman photos with copyright management information that reads © Romeo Guzman/Cal Sport Media/ZUMAPRESS.com.

66.      Terna owns the copyright to the photographs which are subjects to this litigation.

67.      The Zuma Website lists the Terna photos with copyright management information that reads © Scott Terna/Cal Sport Media/ZUMAPRESS.com.

68.      Clouse owns the copyright to the photographs which are subjects to this litigation.

69.     The Zuma Website lists the Clouse photos with copyright management information that reads © Larry Clouse/Cal Sport Media/ZUMAPRESS.com.

70.     Hicks owns the copyright to the photographs which are subjects to this litigation.

71.     The Zuma Website lists the Hicks photos with copyright management information that reads © Ben Hicks/ZUMAPRESS.com.

72.     Parry owns the copyright to the photographs which are subjects to this litigation.

73.     The Zuma Website lists the Parry photos with copyright management information that reads © Brandon Parry/ZUMAPRESS.com.

74.     Novick owns the copyright to the photographs which are subjects to this litigation.

75.     The Zuma Website lists the Novick photos with copyright management information that reads © Lou Novick/ZUMAPRESS.com.

76.     Ashley owns the copyright to the photographs which are subjects to this litigation.

77.     The Zuma Website lists the Ashley photos with copyright management information that reads © Alan Ashley/ZUMAPRESS.com.

78.     Arorizo owns the copyright to the photographs which are subjects to this litigation.

79.     The Zuma Website lists the Arorizo photos with copyright management information that reads © Armando Arorizo/ZUMAPRESS.com.

80.     Hughes owns the copyright to the photographs which are subjects to this litigation.

81.     The Zuma Website lists the Hughes photos with copyright management information that reads © Robert Hughes/ZUMAPRESS.com.

82.     Golub owns the copyright to the photographs which are subjects to this litigation.

83.     The Zuma Website lists the Golub photos with copyright management information that reads © Al Goulb/ZUMAPRESS.com.

84.     Kovic owns the copyright to the photographs which are subjects to this litigation.

85.     The Zuma Website lists the Kovic photos with copyright management information that reads © Dinno Kovic/ZUMAPRESS.com.

86.     Patron owns the copyright to the photographs which are subjects to this litigation.

87.     The Zuma Website lists the Patron photos with copyright management information that reads © Andrew Patron/ZUMAPRESS.com.

88.     Kelby owns the copyright to the photographs which are subjects to this litigation.

89.     The Zuma Website lists the Kelby photos with copyright management information that reads © Scott Kelby/ZUMAPRESS.com.

90.     Alfred owns the copyright to the photographs which are subjects to this litigation.

91.     The Zuma Website lists the Alfred photos with copyright management information that reads © KC Alfred/ZUMAPRESS.com.

92.     Godlewski owns the copyright to the photographs which are subjects to this litigation.

93.     The Zuma Website lists the Godlewski photos with copyright management information that reads © Stan Godlewski/ZUMAPRESS.com.

94.     The Photographs are registered with the United States Copyright Office. A list of the copyright registration numbers of the Photographs are attached as Exhibit B.

**B.     Defendant's Infringing Activities**

95.     Upon information and belief, Getty is one of the world's largest stock photo agencies. Getty displays, makes available to license and sell, and distributes millions of images through and on its Website.

96.     Upon information and belief, in or around April 2016, the Defendant improperly copied the Photographs (the "Photographs"), displayed them publically on the Getty Website, and made them available for licensing and sale. True and correct copies of the Photographs on the Getty Website are attached hereto as Exhibit A1-A41.

97.     On or around May 4, 2016, Zuma searched for ZUMA PRESS in the search bar of the Getty Website and found the Photographs on the Photographs on the Getty Website.

98.     On or around May 4, 2016 Zuma contacted Defendant and asked to removed the Photographs from the Getty Website.

99.     Two weeks after Getty was put on notice, the Photographs were still on the Getty Website and Defendant still had not informed Zuma regarding the removal of the Photographs. Thus, Zuma contacted Getty again.

100.     On or around May 19, 2016, Defendant reached out to Zuma stating the Photographs were now removed from the Getty Website.

101.     Even after Defendant's May 19, 2016 notice that the Photographs were removed, after some further investigation, including, searching for "ZUMA PRESS" in the search bar of the Getty Website, Zuma discovered that Photographs were still up on the Getty Website.

102.     To this day, Plaintiffs have discovered and knows about at least 11,575 photographs (the "Photographs") that are the subjects of this litigation. The Getty Images Asset Numbers for all Photographs are attached hereto as Exhibit C1-C5.

103.     Defendant did not license the Photographs from Plaintiffs or Zuma to license or sell, nor did Defendant have Plaintiffs or Zuma's permission or consent to publish the Photographs on the Getty Website.

104.     Schwartz is able to determine at least 153 of the Photographs are owned by Schwartz ("Schwartz Photographs").

105.     Pena is able to determine at least 235 of the Photographs are owned by Pena ("Pena Photographs").

106.     McGuire is able to determine at least 113 of the Photographs are owned by McGuire ("McGuire Photographs").

107.     Copeland is able to determine at least 271 of the Photographs are owned by Copeland ("Copeland Photographs").

108.     Tarver is able to determine at least 1,201 of the Photographs are owned by Tarver ("Tarver Photographs").

109.     Holland is able to determine at least 513 of the Photographs are owned by

Holland ("Holland Photographs").

110.     Quetti is able to determine at least 722 of the Photographs are owned by Quetti ("Quetti Photographs").

111.     Pohuski is able to determine at least 885 of the Photographs are owned by Pohuski ("Pohuski Photographs").

112.      Ridley is able to determine at least 420 of the Photographs are owned by Ridley ("Ridley Photographs").

113.     Green is able to determine at least 1,685 of the Photographs are owned by Green ("Green Photographs").

114.     Thompson is able to determine at least 900 of the Photographs are owned by Thompson ("Thompson Photographs").

115.     Miller is able to determine at least 282 of the Photographs are owned by Miller ("Miller Photographs").

116.     Guzman is able to determine at least 1,528 of the Photographs are owned by Guzman ("Guzman Photographs").

117.     Terna is able to determine at least 305 of the Photographs are owned by Terna ("Terna Photographs").

118.     Clouse is able to determine at least 627 of the Photographs are owned by Clouse ("Clouse Photographs").

119.     Hicks is able to determine at least 133 of the Photographs are owned by Hicks ("Hicks Photographs").

120.     Parry is able to determine at least 383 of the Photographs are owned by Parry

("Parry Photographs").

121.    Novick is able to determine at least 32 of the Photographs are owned by Novick ("Novick Photographs").

122.    Ashley is able to determine at least 74 of the Photographs are owned by Ashley ("Ashley Photographs").

123.    Arorizo is able to determine at least 51 of the Photographs are owned by Arorizo ("Arorizo Photographs").

124.    Hughes is able to determine at least 81 of the Photographs are owned by Hughes ("Hughes Photographs").

125.    Golub is able to determine at least 192 of the Photographs are owned by Golub ("Golub Photographs").

126.    Kovic is able to determine at least 437 of the Photographs are owned by Kovic ("Kovic Photographs").

127.    Patron is able to determine at least 133 of the Photographs are owned by Patron ("Patron Photographs").

128.    Kelby is able to determine at least 109 of the Photographs are owned by Kelby ("Kelby Photographs").

129.    Alfred is able to determine at least 68 of the Photographs are owned by Alfred ("Alfred Photographs").

130.    Godlewski is able to determine at least 45 of the Photographs are owned by Godlewski ("Godlewski Photographs").

131.    Upon information and belief, Defendant took the Photographs, all of which

had copyright management information featuring a copyright notation ©, identifying the copyright owner and Zuma as the licensee, and removed, altered, and/or falsified the copyright management information and replaced it with its own watermark that read "Getty Images". This gives the impression to the public that Getty Images is either the copyright holder or the licensee of the Photographs, which is false.

132.    It is standard in the photo agency industry that a watermark is consider copyright management information.

133.    Upon information and belief, Defendant took the Photographs which listed the copyright holder's name/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images" as shown in Exhibit D.

134.    Upon information and belief, Defendant took the Schwartz Photographs which had copyright management information that read © Alan Schwartz/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

135.    Upon information and belief, Defendant took the Pena Photographs which had copyright management information that read © Albert Pena/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

136.    Upon information and belief, Defendant took the McGuire Photographs which had copyright management information that read © Bill McGuire/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

137.    Upon information and belief, Defendant took the Copeland Photographs which had copyright management information that read © Cecil Copeland/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

138.    Upon information and belief, Defendant took the Tarver Photographs which

had copyright management information that read © Damon Tarver/Cal Sport

Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

139.     Upon information and belief, Defendant took the Holland Photographs which

had copyright management information that read © George Holland/Cal Sport

Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

140.     Upon information and belief, Defendant took the Quetti Photographs which

had copyright management information that read © Gray Quetti/Cal Sport

Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

141.     Upon information and belief, Defendant took the Pohuski Photographs which

had copyright management information that read © Jason Pohuski/Cal Sport

Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

142.     Upon information and belief, Defendant took the Ridley Photographs which

had copyright management information that read © JC Ridley/Cal Sport

Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

143.     Upon information and belief, Defendant took the Green Photographs which

had copyright management information that read © John Green/Cal Sport

Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

144.     Upon information and belief, Defendant took the Thompson Photographs

which had copyright management information that read © Josh Thompson/Cal Sport

Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

145.     Upon information and belief, Defendant took the Miller Photographs which

had copyright management information that read © Richey Miller/Cal Sport

Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

146.     Upon information and belief, Defendant took the Guzman Photographs which had copyright management information that read © Romeo Guzman/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

147.     Upon information and belief, Defendant took the Terna Photographs which had copyright management information that read © Scott Terna/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

148.     Upon information and belief, Defendant took the Clouse Photographs which had copyright management information that read © Larry Clouse/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

149.     Upon information and belief, Defendant took the Hick Photographs which had copyright management information that read © Ben Hicks/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

150.     Upon information and belief, Defendant took the Parry Photographs which had copyright management information that read © Brandon Parry/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

151.     Upon information and belief, Defendant took the Novick Photographs which had copyright management information that read © Lou Novick/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

152.     Upon information and belief, Defendant took the Ashley Photographs which had copyright management information that read © Alan Ashley/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

153.     Upon information and belief, Defendant took the Arorizo Photographs which had copyright management information that read © Armando Arorizo/ZUMAPRESS.com and

replaced it with a watermark that read "Getty Images".

154.     Upon information and belief, Defendant took the Hughes Photographs which had copyright management information that read © Robert Hughes/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

155.     Upon information and belief, Defendant took the Golub Photographs which had copyright management information that read © Al Golub/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

156.     Upon information and belief, Defendant took the Kovic Photographs which had copyright management information that read © Dinno Kovic/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

157.     Upon information and belief, Defendant took the Patron Photographs which had copyright management information that read © Andrew Patron/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

158.     Upon information and belief, Defendant took the Kelby Photographs which had copyright management information that read © Scott Kelby/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

159.     Upon information and belief, Defendant took the Alfred Photographs which had copyright management information that read © KC Alfred/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

160.     Upon information and belief, Defendant took the Godlewski Photographs which had copyright management information that read © Stan Godlewski/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images".

161.     In addition, the Defendant had two bylines on the Getty Website. A byline is a

space next to the photograph which is designated to state the name the copyright owner of the Photograph and the licensee.

162.     It is standard knowledge in the photo agency business that when a photo is credited "photographer name/a photo agency's name" that the photographer owns the copyright to the photograph and the agency is a licensee of the photo. Defendant on its own website states next to their photographs their photographer's name/Getty Images.

163.     Upon information and belief, on the Getty Website, next to the Sports Photographs, Defendant had a first byline that stated "Credit Image: ?? the copyright owner of the Photograph/ZUMAPRESS.com" and then added a false byline that stated Photo by Les Walker/Corbis via Getty Images. Furthermore, Defendant replaced the copyright notion © with question marks as shown in Exhibit Q.

164.     Upon information and belief, on the Getty Website, next to the Schwartz Photographs, Defendant had a first byline that stated ??Alan Schwartz/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

165.     Upon information and belief, on the Getty Website, next to the Pena Photographs, Defendant had a first byline that stated ??Albert Pena/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

166.     Upon information and belief, on the Getty Website, next to the McGuire Photographs, Defendant had a first byline that stated ??Bill McGuire/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

167.    Upon information and belief, on the Getty Website, next to the Copeland Photographs, Defendant had a first byline that stated ??Cecil Copeland/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

168.    Upon information and belief, on the Getty Website, next to the Tarver Photographs, Defendant had a first byline that stated ??Damon Tarver/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

169.    Upon information and belief, on the Getty Website, next to the Holland Photographs, Defendant had a first byline that stated ??George Holland/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

170.    Upon information and belief, on the Getty Website, next to the Quetti Photographs, Defendant had a first byline that stated ??Gray Quetti/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

171.    Upon information and belief, on the Getty Website, next to the Pohuski Photographs, Defendant had a first byline that stated ??Jason Pohuski/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

172.    Upon information and belief, on the Getty Website, next to the Ridley Photographs, Defendant had a first byline that stated ??JC Ridley/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les

Walker/Corbis via Getty Images.

173.    Upon information and belief, on the Getty Website, next to the Green Photographs, Defendant had a first byline that stated ??John Green/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

174.    Upon information and belief, on the Getty Website, next to the Thompson Photographs, Defendant had a first byline that stated ??Josh Thompson/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

175.    Upon information and belief, on the Getty Website, next to the Miller Photographs, Defendant had a first byline that stated ??Richey Miller/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

176.    Upon information and belief, on the Getty Website, next to the Guzman Photographs, Defendant had a first byline that stated ??Romeo Guzman/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

177.    Upon information and belief, on the Getty Website, next to the Terna Photographs, Defendant had a first byline that stated ??Scott Terna/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

178.    Upon information and belief, on the Getty Website, next to the Clouse Photographs, Defendant had a first byline that stated ??Larry Clouse/Cal Sport

Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les

Walker/Corbis via Getty Images.

179.     Upon information and belief, on the Getty Website, next to the Hicks

Photographs, Defendant had a first byline that stated ??Ben Hicks/ZUMAPRESS.com and then

added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

180.     Upon information and belief, on the Getty Website, next to the Parry

Photographs, Defendant had a first byline that stated ??Brandon Parry /ZUMAPRESS.com and

then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

181.     Upon information and belief, on the Getty Website, next to the Novick

Photographs, Defendant had a first byline that stated ??Lou Novick/ZUMAPRESS.com and

then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

182.     Upon information and belief, on the Getty Website, next to the Ashley

Photographs, Defendant had a first byline that stated ??Alan Ashley /ZUMAPRESS.com and

then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

183.     Upon information and belief, on the Getty Website, next to the Arorizo

Photographs, Defendant had a first byline that stated ??Armando Arorizo /ZUMAPRESS.com

and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

184.     Upon information and belief, on the Getty Website, next to the Hughes

Photographs, Defendant had a first byline that stated ??Robert Hughes/Cal Sport

Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les

Walker/Corbis via Getty Images.

185.     Upon information and belief, on the Getty Website, next to the Golub

Photographs, Defendant had a first byline that stated ??Al Golub/ZUMAPRESS.com and then

added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

186.     Upon information and belief, on the Getty Website, next to the Kovic Photographs, Defendant had a first byline that stated ??Dinno Kovic/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

187.     Upon information and belief, on the Getty Website, next to the Patron Photographs, Defendant had a first byline that stated ??Andrew Patron/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

188.     Upon information and belief, on the Getty Website, next to the Kelby Photographs, Defendant had a first byline that stated ??Scott Kelby/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

189.     Upon information and belief, on the Getty Website, next to the Alfred Photographs, Defendant had a first byline that stated ??KC Alfred/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

190.     Upon information and belief, on the Getty Website, next to the Godlewski Photographs, Defendant had a first byline that stated ??Stan Godlewski/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images.

191.     Defendant removed the copyright management information symbol "©" and replaced it with two question marks "??" on all the first bylines.

192.     Defendant added the false byline "Les Walker Corbis News" to the public-facing search section of Getty's Website so that only the false byline is visible to the consumer. See Exhibit A1-A41.

193.     Defendant did not have Plaintiffs or Zuma's permission to remove, alter, or falsify any copyright management information of the Photographs.

194.    Although the copyright management information was removed, altered, and/or falsified on all of the Photographs, at this time Plaintiffs can only proffer a sampling of violations. Defendant has exclusive possession, control of and access to information regarding the scope of the infraction.

## FIRST CLAIM FOR RELIEF
### *(Direct Copyright Infringement, 17 U.S.C. §§ 106, 501)*

195.    Plaintiffs incorporates by reference each and every allegation contained in Paragraphs 1-194 above.

196.    Defendant infringed Plaintiffs' exclusive rights in the Photographs by reproducing and publicly displaying the Photographs on the Website. Defendant is not, and have never been, licensed or otherwise authorized to reproduce, sell, publicly display, distribute and/or use the Photographs.

197.    Defendant did not license the Photographs from Plaintiffs to license or sell, nor did Defendant have Plaintiffs permission or consent to publish the Photographs on its Website.

198.    The acts of Defendant complained of herein constitute infringement of Plaintiff's exclusive rights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

199.    Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs exclusive rights.

200.    As a direct and proximate cause of the infringement by the Defendant of Plaintiffs exclusive rights under copyright, Plaintiffs are entitled to damages and Defendant's

profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
### *Violation of Integrity of Copyright Management Information*
### *(17 U.S.C. § 1202)*

201.    Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-200 above.

202.    When Getty improperly copied, displayed and made available for licensing the Photographs on the Getty Website, it knew or had reason to know that they were owned by the Plaintiffs because of the copyright notation in their first byline.

203.    Upon information and belief, as a result of knowing the name of the copyright owner, Defendant intentionally and knowingly provided copyright management information that was false under 17 U.S.C. § 1202 (a)(1).

204.    Upon information and belief, as a result of knowing the name of the copyright owner, Defendant intentionally and knowingly distributed copyright management information that was false under 17 U.S.C. § 1202 (a)(2).

205.    Upon information and belief, as a result of knowing the name of the copyright owner, Defendant intentionally removed and/or altered copyright management information under 17 U.S.C. § 1202 (b)(1).

206.    Upon information and belief, as a result of knowing the name of the copyright owner, Defendant distributed copyright management information knowing that the copyright management information has been removed or altered without the authority of the copyright owner under 17 U.S.C. § 1202 (b) (2) and (3).

207.    Upon information and belief, Defendant's falsification, removal and/or

alteration of the aforementioned copyright management information was made without the knowledge or consent of the Plaintiffs nor without the knowledge or consent of the copyright owner.

208.    Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and/or having reasonable grounds to know that it will induce, enable, facilitate or conceal an infringement.

209.    The Defendant licensed the Photographs to third-parties for a fee and hence had the intent to induce, enable, facilitate, or conceal its infringement of Plaintiffs' exclusive rights in the Photographs.

210.    As a result of the wrongful conduct of Defendant as alleged herein, Plaintiffs are entitled to recover from Defendant the damages, that they sustained and will sustain, and any gains, profits and advantages obtained by Defendant because of its violations of 17 U.S.C. § 1202, including attorney's fees and costs.

211.    Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

212.    At the time of Plaintiffs' filing of their motion for leave to file a third amended complaint in civil action 16-cv-6110-AKH, Defendant had a judgment entered against it for violating 17 U.S.C. § 1202 within 3 years thereof. Pursuant to 17 U.S.C. § 1203(c)(4), the Court may award up to triple the damages if the Defendant had a judgment entered against it for violating 17 U.S.C. § 1202 within the last three years.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request judgment as follows:

1.  That Defendant be adjudged to have infringed upon Plaintiffs exclusive rights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2.  Plaintiffs be awarded Plaintiffs' actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiffs' Photographs.

3.  The Defendant be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

4.  Plaintiffs be awarded either: a) Plaintiffs' actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C.§ 1203(c);

5.  Pursuant to 17 U.S.C. § 1203(c)(4), since Defendant had a judgment entered against it for violating 17 U.S.C. § 1202 within last three years of filing Plaintiffs' motion for leave to file a third amended complaint in civil action 16-cv-6110-AKH, to award Plaintiffs up to triple the amount that would be otherwise awarded.

6.  That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7.  That Plaintiffs be awarded their costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

8.  That Plaintiffs be awarded punitive damages for copyright infringement;

9.  That Plaintiffs be awarded their attorney's fees and costs;

10. That Plaintiffs be awarded pre-judgment interest; and

11. Such other and further relief as the Court may deem just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiffs hereby demand a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       March 29, 2019

LIEBOWITZ LAW FIRM, PLLC

By:<u>/s/Richard Liebowitz</u>
   Richard P. Liebowitz
   11 Sunrise Plaza, Suite 305
   Valley Stream, New York 11580
   Tele: 516-233-1660
   RL@LiebowitzLawFirm.com

*Attorneys for all Plaintiffs*