UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN SCHWARTZ, ALBERT PENA, BILL MCGUIRE, CECIL COPELAND, DAMON TARVER, GEORGE HOLLAND, GRAY QUETTI, JASON POHUSKI, JC RIDLEY, JOHN GREEN, JOSH THOMPSON, RICHEY MILLER, ROMEO GUZMAN, SCOTT TERNA, LARRY CLOUSE, BEN HICKS, BRANDON PARRY, LOU NOVICK, ALAN ASHLEY, ARMONDO ABORIZO, ROBERT HUGHES, AL GOLUB, DINNO KOVIC, ANDREW PATRON, SCOTT KELBY, KC ALFRED and STAN GODLEWSKI<br><br>                                 Plaintiffs,<br><br>                v.<br><br>GETTY IMAGES (US), INC.<br><br>                                 Defendant. | Docket No. 1:19-cv-2861 (LGS) |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF PLEADED FACTS .........................................................................................2

PROCEDURAL BACKGROUND OF THIS DISPUTE ...............................................................4

      A.      The *Zuma Press* Litigation..............................................................................................4

      B.      This Proceeding ..........................................................................................9

ARGUMENT.................................................................................................................................10

I.      PLAINTIFFS' CLAIMS ARE COLLATERALLY ESTOPPED......................................10

CONCLUSION..............................................................................................................................12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Chevron Corp. v. Donziger*,
    886 F. Supp. 2d 235 (S.D.N.Y. 2012) ..................................................................................... 11

*Krepps v. Reiner*,
    377 Fed. App'x 65 (2d Cir. 2010) ........................................................................................... 10

*Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*,
    23 F. Supp. 3d 344 (S.D.N.Y. 2014) ................................................................................. 10, 11

*Linden Airport Mgmt. Corp. v. N.Y.C. Econ. Dev. Corp.*,
    No. 08 Civ. 3810 (RJS), 2011 WL 2226625 (S.D.N.Y. June 1, 2011) ................................... 11

*Sassower v. Abrams*,
    833 F. Supp. 253 (S.D.N.Y. 1993) .......................................................................................... 11

*Stone v. Williams*,
    970 F.2d 1043 (2d Cir. 1992) .................................................................................................. 10

*Taylor v. Sturgell*,
    553 U.S. 880 (2008) ................................................................................................................ 10

*Trakansook v. Astoria Fed. Sav. & Loan Ass'n*,
    No. 06-cv-1640, 2007 WL 1160433 (E.D.N.Y. April 18, 2007), *aff'd*, No. 07-
    2224-cv, 2008 WL 4962990 (2d Cir. Nov. 21, 2008) ............................................................. 11

*Transaero, Inc. v. La Fuerza Aerea Boliviana*,
    162 F.3d 724 (2d Cir. 1998) .................................................................................................... 10

*Zdanok v. Glidden Co.*,
    327 F.2d 944 (2d Cir. 1964) (Friendly, J.) .............................................................................. 10

**Statutes**

17 U.S.C. § 1202 ............................................................................................................... *passim*

New York General Business Law § 349 ................................................................................... 5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1, 11

Fed. R. Civ. P. 56 ...................................................................................................................... 11

Restatement (Second) of Judgments § 13.................................................................................10, 11

Defendant Getty Images (US), Inc. ("Getty Images") hereby moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that Plaintiffs' claims are collaterally estopped by the summary judgment rulings in *Zuma Press, Inc. et al. v. Getty Images (US), Inc.*, No. 1:16-cv-06110 (AKH).

## PRELIMINARY STATEMENT

This case arises out of the identical facts and circumstances as *Zuma Press*, a prior litigation between Getty Images and Plaintiffs' licensing agent, Zuma Press, Inc. ("Zuma"), in which Zuma contended erroneously that Getty Images' lacked authorization to use a collection of sports photographs that includes the same photographs that Plaintiffs are attempting to place at issue again here. In fact, Plaintiffs filed this separate action only because Judge Hellerstein—more than a year ago—denied the *Zuma Press* plaintiffs' motion for leave to file a third amended complaint that would have belatedly added these twenty-seven photographers as plaintiffs in that case. *See Zuma Press*, No. 1:16-cv-06110 (AKH), Dkt. 60.

There are no material factual differences between the claims asserted in the two cases except that *Zuma Press* also involved other photographs that are not at issue here. In *Zuma Press*, Getty Images won summary judgment dismissing the plaintiffs' claims for copyright infringement (which Plaintiffs assert as Count I here) and alteration and/or removal of copyright management information under section 1202 of the Copyright Act (which Plaintiffs assert as Count II in this action). *See Zuma Press*, No. 1:16-cv-06110 (AKH), Dkts. 268, 172 at 11.[1]

The two causes of action asserted here indisputably arise out of the same alleged conduct by Getty Images already addressed by Judge Hellerstein in *Zuma Press*. Moreover, Plaintiffs are

---

[1] For the Court's convenience, a copy of the summary judgment opinions issued in *Zuma Press* are submitted herewith as Exhibits A and B to the Declaration of Jonathan Bloom, dated July 3, 2019 ("Bloom Decl.").

in privity with Zuma—the lead plaintiff in *Zuma Press*—and they are represented by the same counsel as the *Zuma Press* plaintiffs. Plaintiffs therefore are collaterally estopped by Judge Hellerstein's rulings granting summary judgment to Getty Images on the *Zuma Press* plaintiffs' copyright infringement and section 1202 claims.

## STATEMENT OF PLEADED FACTS

The following summarizes the allegations in the Complaint.[2] As discussed below, the factual allegations essentially track those made in the operative complaint filed in *Zuma Press* despite the fact that the court in *Zuma Press* has already found many of these allegations, particularly as to Getty Images' conduct, to be false or misleading based on a fully developed summary judgment record.

Plaintiffs are sports photographers who "contributed their Photographs to Zuma Press, Inc. . . . the world's first digital photographic agency." Compl. ¶¶ 5-31, 35. Photographs plaintiffs claim to own allegedly were available via Zuma Press' website (collectively, the "Photographs"). *Id.* ¶¶ 36-37. Plaintiffs allege that the Photographs appeared on Zuma's website with certain copyright management information ("CMI"). *Id.* ¶¶ 38-93.

Defendant Getty Images is "one of the world's largest stock photo agencies." *Id.* ¶ 95. Getty Images "makes available to license and sell, and distributes millions of images through and on its Website." *Id.* "[I]n or around April 2016" Getty Images "copied the Photographs . . . , displayed them publically (sic) on the Getty Website, and made them available for licensing and sale." *Id.* ¶ 96. On or around May 4, 2016, Zuma "searched for ZUMA PRESS in the search bar of the Getty Website and found the Photographs . . . on the Getty Website." *Id.* ¶ 97. On or around May 4, 2016, Zuma asked Getty Images to remove the Photographs from its website. *Id.*

---

[2] Getty Images does not accept any of the facts alleged in the Complaint as true except for purposes of this motion.

¶ 98.  On or around May 19, 2016, Getty Images informed Zuma that the Photographs had been removed from Getty Images' website, but Zuma allegedly found that they were still up.  *Id.* ¶¶ 100-01.  Getty Images allegedly "did not license the Photographs from Plaintiffs or Zuma to license or sell," nor did Getty Images "have Plaintiffs (sic) or Zuma's permission or consent to publish the Photographs" on Getty Images' website.  *Id.* ¶ 103.[3]

Plaintiffs allege vaguely and misleadingly "upon information and belief" that Getty Images "took the Photographs, all of which had copyright management information featuring a copyright notation ©, identifying the copyright owner and Zuma as the licensee, and removed altered, and/or falsified the copyright management information and replaced it with its own watermark that read 'Getty Images.'"  *Id.* ¶ 131; *see also id.* ¶¶ 133-60.  Plaintiffs also allege that on its website Getty Images added "a false byline that stated Photo by Les Walker/Corbis via Getty Images" to the Photographs and replaced the "©" with two question marks.  *Id.* ¶ 163; *id.* ¶¶ 164-92.  Getty Images allegedly "did not have Plaintiffs (sic) or Zuma's permission to remove, alter, or falsify any copyright management information of the Photographs."  *Id.* ¶ 193.

Plaintiffs allege two causes of action:  (1) copyright infringement, which plaintiffs allege (contrary to already adjudicated facts) was "willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs (sic) exclusive rights," *id.* ¶ 199, and (2) Violation of Integrity of Copyright Management Information (17 U.S.C. § 1202), which Plaintiffs allege (again, contrary to already adjudicated facts) was done "intentionally, knowingly and/or having reasonable grounds to know that it will induce, enable, facilitate or conceal an infringement."  *Id.* ¶ 208.

---

[3] As Judge Hellerstein found in his July 1, 2019 summary judgment ruling, Getty Images' use of the photographs at issue there (which included those that Plaintiffs are attempting to place at issue here) was in fact expressly authorized by the plaintiffs' licensing agent.  *See Zuma Press*, No. 1:16-cv-06110 (AKH), Dkt. 268.

Plaintiffs seek, *inter alia*, actual damages on their copyright infringement claims and actual damages or statutory damages for each purported violation of section 1202.

## PROCEDURAL BACKGROUND OF THIS DISPUTE

### A.    The *Zuma Press* Litigation

Zuma filed a complaint against Getty Images on August 1, 2016, asserting claims arising out of the very same conduct and covering each of the photographs that Plaintiffs attempt to place at issue here.  In that pleading, Zuma falsely accused Getty Images of (i) "carelessly and recklessly acquiring content, not doing due diligence and not taking adequate measures to prevent infringement" (Case No. 1:16-cv-06110 (AKH), Dkt. 1 ¶ 17) and (ii) engaging in "willful, intentional, and purposeful" infringement "in disregard of and indifference to" Zuma's exclusive rights.  *Id.* ¶ 24.  Notwithstanding extensive pre-litigation correspondence between Getty Images and Zuma's counsel that established how and from whom Getty Images acquired the photographs at issue, the complaint was deliberately vague as to how the claimed infringement occurred, alleging only that "Defendant copied approximately . . . 47,048 Photographs and placed it on their (sic) Website to license and sell to the public."  *Id.* ¶ 18.  Zuma also alleged that it had "exclusive relationships" with its sports photographers who "do not, as a rule, work with any other agency, licensee, or entity," *id.* ¶ 9, thereby suggesting, without actually alleging, that it had an exclusive license to each of the allegedly infringed photos.

Getty Images moved to dismiss the complaint on the grounds that: (i) Zuma had failed to register any of the copyrights alleged to be at issue and thus failed to satisfy a statutory prerequisite to filing an infringement claim; (ii) Zuma had failed adequately to plead ownership of the copyrights at issue as required to establish standing to pursue infringement claims; and

4

(iii) Zuma's allegations in support of its section 1202(b) claims were no more than conclusory recitals of the elements of the cause of action.  Dkt. 16.

Rather than defend the complaint, Zuma filed a First Amended Complaint (Dkt. 21) in which it, *inter alia*, added eleven new plaintiffs (nine photographers and two photo licensing agencies) in an effort to partially address Getty Images' challenge to Zuma's standing.  In addition to reasserting the copyright infringement and section 1202(b) claims from Zuma's original complaint, the plaintiffs added new claims arising under the Lanham Act, state unfair competition law, and section 349 of the New York General Business Law.  Like the original complaint, Zuma's First Amended Complaint contained no factual allegations as to how Getty Images had acquired the photographs, even though that was known to Zuma, and it remained conspicuously silent as to Zuma's own causal role in that chain of events.  Despite already having conceded (by adding additional plaintiffs) that it did not, in fact, have exclusive rights to all of the works at issue, Zuma repeated its false allegation that it had "a significant copyright ownership interest in the copyrighted works that are the subjects of this litigation," including each of the works that Plaintiffs attempt to place at issue here.  *Id.* ¶ 28.

Getty Images moved to dismiss Zuma's First Amended Complaint.  Dkt. 26.  On June 29, 2017, the Court issued an opinion dismissing the contributory infringement, Lanham Act, unfair competition, and section 349 claims in their entirety and dismissing the copyright infringement claims as to works that had not been registered by August 1, 2016 (the original filing date).  Dkt. 33.  With respect to standing, the Court referenced the small sample of exclusive licensing agreements attached to the complaint and stated that if "after discovery, it turns out that Zuma does not have an exclusive agreement with respect to a particular photograph, Getty may move for summary judgment with respect to that photograph."  *Id.* at 7.

5

The dismissal of the infringement claims as to works not registered prior to August 1, 2016 effectively mooted the *Zuma Press* plaintiffs' infringement claims, as none of the copyrights had been registered by that date.  Thus, on July 28, 2017, the *Zuma Press* plaintiffs filed a Second Amended Complaint in which they asserted only a single cause of action for violation of 17 U.S.C. § 1202(b).  Dkt. 36.  On August 1, 2017, in light of the Court's order limiting the infringement claims to works registered as of August 1, 2016, the *Zuma Press* plaintiffs filed a separate complaint in a new action, No. 1:17-cv-05832, asserting a cause of action for copyright infringement of subsequently registered works and duplicative claims for violation of section 1202.  On September 6, 2017, the Court consolidated the two cases under the original case number, 16-cv-6110.  Dkt. 40.

On February 6, 2018, the *Zuma Press* plaintiffs moved to amend the complaint again in order to add twenty-seven new photographer plaintiffs (the Plaintiffs here) based on the demonstrably false premise that without fact discovery from Getty Images, Zuma had been unable to identify the photographers of many of the photographs.  Dkts. 45, 46; *see also* Dkt. 47.  The Court denied the motion, noting that it had already allowed the addition of eleven new plaintiffs despite the plaintiffs' "opaque" pleading.  Dkt. 60.  The Court observed that the proposed Third Amended Complaint was "no better," as it "lack[ed] specificity showing the precise facts, as to each infringing photograph, of copyright registration, ownership and specific license agreement appointing Zuma as exclusive licensee."  *Id.*

Following discovery, Getty Images moved for summary judgment on the remaining claims, and the Zuma plaintiffs moved for partial summary judgment on their copyright infringement claims.  On October 4, 2018, the court granted Getty Images' motion and dismissed the Zuma plaintiffs' claims with prejudice on the ground that they were barred by equitable

estoppel because Zuma's own conduct caused the claimed infringement and purported violations of section 1202. Dkt. 172 at 10-11. In support of its initial summary judgment ruling, the court found the following facts to be undisputed:

- Zuma and NewSport, another photographic licensing agency, were both distributing their respective photographs through a third, much larger agency, Corbis.

- In 2011, Zuma became aware that NewSport was receiving a higher royalty rate from Corbis than Zuma was.

- In order to obtain the higher royalty rate afforded to NewSport photographs, Zuma, which hired Les Walker, the President of NewSport, as an independent contractor, agreed to give NewSport license authority over certain of its photographs and began submitting those photographs to Corbis under NewSport's contract with Corbis, i.e., as NewSport photographs, using the unique file-transmission protocol ("FTP") associated with that contract.

- This arrangement was memorialized in a 2011 "Redirection Agreement" between Zuma, NewSport, and Corbis in which Zuma and NewSport expressly affirmed to Corbis that NewSport had license authority for each photograph submitted to Corbis using NewSport's FTP.

- By this scheme and pursuant to the Redirection Agreement, Zuma mixed its images into a collection of photographs otherwise associated with Walker and NewSport and expressly gave Corbis the right to license them as NewSport photographs.

- After Corbis renegotiated NewSport's contract and reduced NewSport's royalty rate to the same level as Zuma's, Zuma stopped using NewSport's FTP to submit sports photographs to Corbis, and Walker resigned from Zuma.

- Although Zuma began using its own feed to submit new photographs to Corbis, the photographs it had submitted to Corbis under NewSport's contract remained associated with NewSport.

- NewSport's Walker rejected Zuma's subsequent requests to consent to transfer Zuma-associated photos out of the NewSport collection.

- The NewSport-Corbis contract required written notice from NewSport to terminate rights to any of the photographs submitted under its contract.

- No such written consent from NewSport was ever provided, and Corbis continued to associate the photographs submitted by Zuma using the NewSport FTP with NewSport in its records.

- In 2016, Corbis sold its photographic licensing business and image portfolio to Unity Glory International Limited, which entered into a license agreement with Getty Images authorizing Getty Images to distribute all of Corbis' content in the United States, including the NewSport collection, which contained the photographs submitted by Zuma under the NewSport contract.

- Later in 2016 Getty Images also entered into a contributor agreement with NewSport that gave Getty Images rights to all of NewSport's content, including the photographs previously distributed through Corbis.

*See Zuma Press*, No. 1:16-cv-06110 (AKH), Dkt. 172 at 3-8. The court held that the *Zuma Press* plaintiffs' section 1202 claims also failed for the independent reason that there was no evidence that Getty Images intended to induce or facilitate infringement. *Id.* at 11. The court did not reach the additional defenses briefed by Getty Images in support of its motion, including that its actions with respect to the photographs were authorized and that the plaintiffs lacked standing to assert infringement claims as to many thousands of the works they had improperly alleged to be at issue (including but not limited to photographs owned by Plaintiffs here).

The *Zuma Press* plaintiffs moved for reconsideration, and on January 24, 2019, the court granted their motion in part. The court found that an email that it had overlooked raised a triable issue that could negate one of the elements of Getty Images' equitable estoppel defense, but this ruling did not affect the alternative ground on which the court held that the section 1202 claims deficient. *Zuma Press*, No. 1:16-cv-06110 (AKH), Dkt. 189. Accordingly, the court denied the motion for reconsideration as to the section 1202 claims. *Id.* at 4.

On March 8, 2019, Getty Images renewed its motion for summary judgment on the restored infringement claims on the basis of the additional defenses (authorization, lack of standing) that the court had not reached in its earlier summary judgment ruling. On July 1, 2019, the court granted Getty Images' motion, finding that its use of the allegedly infringing images was authorized and thus not infringing. *See* Dkt. 268 at 6 ("[W]hen Getty ingested the Accused Images in 2016, it did so with the license authority that flowed from Zuma to NewSport via the

8

Redirection Agreement, from NewSport to Corbis via the NewSport-Corbis agreements, and from Corbis to Getty via the Unity Glory purchase and VCG Agreement."). Judgment was entered on July 3, 2019. Dkt. 269.

**B.     This Proceeding**

Plaintiffs filed their Complaint, which is substantively identical to the *Zuma Press* plaintiffs' complaint in terms of the alleged unlawful conduct by Getty Images, on March 29, 2019, and each of the photographs alleged to be at issue here was among those placed at issue by Zuma in the prior proceeding in its capacity as licensing agent for the photographers it represents. *Compare* Dkt. 1 with *Zuma* Press, 1:16-cv-06110 (AKH), Dkt. 36. Plaintiffs repeat essentially the same allegations concerning Getty Images even though they have already been found by Judge Hellerstein to be, in the main, false or misleading. In particular, Plaintiffs regurgitate the *Zuma Press* plaintiffs' attempt to portray Getty Images as a willful infringer, even though Judge Hellerstein already found that Getty Images "reasonably believed, because of Zuma's action, that it had the rights to use and license all the photographs acquired from NewSport, including the photographs that Zuma had comingled with the NewSport photographs." *Zuma Press*, 1:16-cv-06110 (AKH), Dkt. 172, at 11. Plaintiffs also repeat the false allegations that Getty Images altered CMI associated with the photographs with the intent to induce or facilitate infringement, notwithstanding Judge Hellerstein's determination on a full discovery record that there was no such intent. *Id.* Plaintiffs delivered the summons and Complaint to Getty Images' statutory agent in New York on June 26, 2019, and Getty Images received the process from its agent on July 1, 2019.[4]

---

[4] *See* Declaration of David Wojtczak, dated July 3, 2019, ¶¶ 4-5. The affidavit of service that Plaintiffs filed on June 10, 2019, is false. *See id.* ¶¶ 2-3.

9

**ARGUMENT**

I.     **PLAINTIFFS' CLAIMS ARE COLLATERALLY ESTOPPED**

The doctrine of collateral estoppel—a form of res judicata—may bar litigation of an issue based on a prior proceeding when (1) the issue in both proceedings is identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits. *Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC,* 23 F. Supp. 3d 344, 359 (S.D.N.Y. 2014); *see also Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 731 (2d Cir. 1998). Issue preclusion "protect[s] against the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Krepps v. Reiner*, 377 Fed. App'x 65, 66 (2d Cir. 2010) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).

A judgment is considered final for purposes of issue preclusion if "the conclusion in question is procedurally definite." *Stone v. Williams*, 970 F.2d 1043, 1056 (2d Cir. 1992) (quoting Restatement (Second) of Judgments § 13 cmt. g (1980)). A ruling on the merits need not be embodied in a final judgment to have preclusive effect. *See Zdanok v. Glidden Co.*, 327 F.2d 944, 955 (2d Cir. 1964) (Friendly, J.) (collateral estoppel "does not require a judgment 'which ends the litigation . . . and leaves nothing for the court to do but execute the judgment' but includes many dispositions which, though not final in that sense, have nevertheless been fully litigated") (citations omitted); *see also* Restatement (Second) of Judgments § 13 cmt. b (for res judicata, judgment ordinarily is considered final if not contingent and represents completion of all steps in adjudication short of execution or enforcement). In addition, the "better view, and that applied in New York and in the federal courts, 'is that a judgment otherwise final remains so

10

despite the taking of an appeal.'" *Chevron Corp. v. Donziger*, 886 F. Supp. 2d 235, 270 (S.D.N.Y. 2012) (quoting Restatement (Second) of Judgments § 13 cmt. f).

It is "well settled that a court may dismiss a claim on res judicata or collateral estoppel grounds on a Rule 12(b)(6) motion." *Linden Airport Mgmt. Corp. v. N.Y.C. Econ. Dev. Corp.*, No. 08 Civ. 3810 (RJS), 2011 WL 2226625, at *3 (S.D.N.Y. June 1, 2011) (quoting *Sassower v. Abrams*, 833 F. Supp. 253, 264 n.18 (S.D.N.Y. 1993)). Moreover, the court may consider materials outside the pleadings in determining res judicata issues without converting a motion to dismiss into a summary judgment motion under Rule 56. *See Trakansook v. Astoria Fed. Sav. & Loan Ass'n*, No. 06-cv-1640, 2007 WL 1160433, at *1 n.1 (E.D.N.Y. April 18, 2007), *aff'd*, No. 07-2224-cv, 2008 WL 4962990 (2d Cir. Nov. 21, 2008).

Each of the elements of collateral estoppel is satisfied with respect to Plaintiffs' claims. The same issues were actually, fully, and fairly litigated in relation to the same photographs in *Zuma Press* by the same counsel on behalf of Plaintiffs' contractual privy—their licensing agent, Zuma. The issues were actually decided by the court following extensive discovery and summary judgment briefing: As noted, Judge Hellerstein held that the infringement claims failed as a matter of law because Getty Images was authorized to ingest Plaintiffs' photographs, *see generally* Dkt. 268, and that the section 1202 claims failed as a matter of law because the record contained no evidence that Getty Images intended to facilitate infringement, as the statute requires for alteration or removal of CMI to be actionable, *see* Dkt. 172 at 11. That is, Plaintiffs' claims that Getty Images willfully infringed the copyright in their photographs and, in doing so, altered and/or removed CMI associated with the images without permission "have been decided otherwise in a previous litigation." *Lefkowitz*, 23 F. Supp. 3d at 360. The *Zuma Press* court's

resolution of these claims constitutes a valid and final judgment on the merits for res judicata purposes.

In sum, the viability of Plaintiffs' claims has already been fully and fairly adjudicated. Accordingly, they should be dismissed with prejudice on collateral estoppel grounds.

## CONCLUSION

For the foregoing reasons, Getty Images respectfully submits that the Court should dismiss the Complaint with prejudice.

Dated:  New York, New York  
       July 3, 2019

Respectfully submitted,

By: /s/ *Benjamin E. Marks*  
    Benjamin E. Marks  
    Jonathan Bloom

WEIL, GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, New York  10153  
Tel:  (212) 310-8000  
Fax:  (212) 310-8007

*Attorneys for Defendant Getty Images (US), Inc.*